**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **LORA D. BUFFORD** | **CIVIL ACTION** |
| **VERSUS** | **NO.: 13-448-BAJ-RLB** |
| **CLAYTON HOMES, ET AL.** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on January 13, 2014.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LORA D. BUFFORD                                                          CIVIL ACTION

VERSUS                                                                          NO.: 13-448-BAJ-RLB

CLAYTON HOMES, ET AL.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the court on the Plaintiff's Motion to Remand. (R. Doc. 2). The motion is opposed. (R. Doc. 4). There are two issues before the court. The first issue is whether one of the Defendants was improperly joined to this action and should be ignored for determining whether there is complete diversity under 28 U.S.C. §1332(a)(1). The resolution of this issue hinges upon whether a post-removal amendment to the Petition filed in state court was effective. The second issue is whether all of the Defendants consented to removal as required by 28 U.S.C. § 1446(b)(2)(A).

I. Background

On May 3, 2013, the Plaintiff filed her Petition for Damages in the 23rd Judicial District Court, Ascension Parish, Louisiana. (R. Doc. 2-2 ("Petition")). The Petition names as Defendants Clayton Homes, Inc.; Clayton Homes of Gonzales; CMH Manufacturing, Inc.; Jebco, Inc.; ABC Company/Corporation; and DEF Insurance Company. (Petition, ¶ 1). The Plaintiff alleges that in 2009 she purchased a mobile home manufactured by CMH Manufacturing and sold by Clayton Homes. (Petition, ¶ 4). The Plaintiff alleges that she began experiencing upper respiratory problems in 2011 and attributes those respiratory problems to "[t]oxic mold poisoning and/or exposure to formaldehyde" caused by the "acts of fault, gross and wanton negligence, and lack of skill by Defendants." (Petition, ¶¶ 5-8). More specifically, the Plaintiff

1

alleges that on May 4, 2012, while performing structural repairs on her mobile home, Clayton Homes removed siding, discovered mold behind the removed siding, sprayed the mold with bleach, and then returned the siding. (Petition, ¶ 6). The Plaintiff claims that the "mold was caused by the defect in the siding and/or construction of the siding." (Petition, ¶ 6).

On July 9, 2013, Clayton Homes, Inc., Clayton Homes of Gonzales, and CMH Manufacturing, Inc. (collectively, the "Removing Defendants") removed the state court action alleging diversity jurisdiction under 28 U.S.C. §1332(a). (R. Doc. 1). With regard to the amount in controversy requirement, the Removing Defendants state that the "action is one of a civil nature for bodily injury, property damages, and attorneys fees which, on information and belief, and based on Plaintiff's Petition for Damages, exceeds the sum of $75,000.00, exclusive of interest and costs." (R. Doc. 1 at 2).

The Removing Defendants also assert that there is complete diversity between the properly joined parties. There is no dispute that the Removing Defendants and the Plaintiff are diverse parties.[1] The Removing Defendants acknowledge that Jebco is a non-diverse defendant, but nevertheless argue that Jebco's citizenship should be ignored for the purpose of determining diversity jurisdiction.[2] According to the Removing Defendants, Jebco installed the air conditioning system in the Plaintiff's mobile home and had nothing to do with the manufacturing, construction, or installation of the mobile home's siding. (R. Doc. 1 at 2). Based on this assertion, the Removing Defendants allege that the Petition does not state a claim against Jebco and, accordingly, Jebco was improperly joined as a defendant.

---

[1] The Plaintiff is a citizen of Louisiana; CMH Manufacturing, Inc. and Clayton Homes of Gonzales are citizens of Tennessee; and Clayton Homes, Inc. is a citizen of Delaware. (R. Doc. 1 at 1).

[2] The parties correctly ignore ABC Company/Corporation and DEF Insurance Company for the purpose of determining diversity jurisdiction. The citizenship of defendants sued under fictitious names is disregarded for the purpose of determining the diversity of the parties at the time of removal. 28 U.S.C. § 1441(b)(1).

On July 12, 2013, the Plaintiff filed a First Amended and Supplemental Petition for Damages in the state court. (R. Doc. 2-3, "Amended Petition"). The Amended Petition purports to add an allegation that Defendant Jebco "installed the air conditioning unit in Plaintiff's mobile home and that the fault and or negligent workmanship caused water seepage and/or condensation that caused leaking that caused mold build up which contributed to Plaintiff's damages and injuries." (Amended Petition, ¶ 4(a)).[3]

## II. Arguments of the Parties

The Plaintiff's primary argument in support of remand is that the post-removal Amended Petition filed in state court is the operative pleading for determining diversity jurisdiction. The Plaintiff represents that the state court did not enter any notice of the removal into the record because the Defendants failed to pay "the full amount" of fees owed to the state court. (R. Doc. 2-1 at 2).[4] Based on this alleged deficiency, the Plaintiff argues that the Amended Petition is the operative pleading for determining this court's subject-matter jurisdiction. The Plaintiff further argues that Jebco was properly joined as a defendant in light of the addition of Paragraph 4(a) in the Amended Petition.

In opposition, the Removing Defendants argue that the original Petition is the operative pleading and it does not state a cause of action against Jebco. The Removing Defendants argue that at the time of removal, the state court was divested of jurisdiction and, therefore, the Plaintiff's post-removal Amended Petition is inoperative and irrelevant. The Removing Defendants also address whether this court should allow the Plaintiff to amend the Petition and whether the additional factual allegations found in Paragraph 4(a) of the Amended Petition support a cause of action against Jebco.

---

[3] The Amended Petition also purports to add Jebco's liability insurer, Amerisure Insurance Company, as a defendant. (Amended Petition, ¶4(b)).

[4] It is not fully clear from the record what fees the Plaintiff is referencing.

The Plaintiff's secondary argument is that the failure of the Removing Defendants to obtain consent from Jebco in the removal constitutes a procedural defect because all defendants must join or consent to removal. In opposition, the Removing Defendants argue that they were required to obtain Jebco's consent to removal because the Notice of Removal alleged that Jebco was an improperly joined defendant.

## III.   Law & Analysis

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). This case was removed pursuant to this provision on the basis of diversity jurisdiction. The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co*., 491 F.3d 278, 281-82 (5th Cir. 2007). The removing party has the burden of proving federal jurisdiction and, if challenged, that the removal was procedurally proper. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) ("party seeking to invoke federal diversity jurisdiction bears the burden of [proof]").

### a. Improper Joinder

The party seeking removal based on improper joinder of a non-diverse defendant bears a "heavy" burden of proving that the joinder was improper. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). Improper joinder of a non-diverse party can be proven when the removing defendant establishes that there is "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id*. at 646-47. In the latter situation, "the test for [improper] joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant,

4

which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573-74 (5th Cir. 2004).

Generally, a court should "conduct a Rule 12(b)(6)-type analysis . . . to determine whether the complaint states a claim under state law against the in-state defendant." *Id*. However, where the plaintiff has omitted or misstated "discrete facts that would determine the propriety of joinder" the district court may "pierce the pleadings and conduct a summary inquiry." *Id*. The court must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the plaintiffs. *Travis*, 326 F.3d at 649. If the court concludes that the plaintiffs have any "possibility of recovery" against the party whose joinder is questioned, then joinder is proper and the case must be remanded for lack of subject matter jurisdiction. *Id*.

### i. The Operative State Court Pleading

"It is a fundamental principle of law that whether subject matter jurisdiction exists is a question answered by looking to the complaint as it existed at the time the petition for removal was filed." *See In re Carter*, 618 F.2d 1093, 1101 (5th Cir. 1980) (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537-38 (1939)). Nevertheless, the Plaintiff argues that the post-removal Amended Petition filed in state court controls the court's analysis regarding whether Jebco was improperly joined. The court must, therefore, determine whether the original Petition or the post-removal Amended Petition is the operative state court pleading for analyzing whether Jebco was improperly joined.

The state court loses jurisdiction, and the federal court gains exclusive jurisdiction, when the removing defendants file a copy of the notice of removal with the state clerk of court. 28

U.S.C. § 1446(d).[5]  The Fifth Circuit has interpreted Section 1446 as ending a state court's jurisdiction once the state court has actual or constructive notice of the removal.  *See Medrano v. Texas*, 580 F.2d 803 (5th Cir. 1978) (state court's constructive notice of petition of removal is sufficient to deprive it of jurisdiction despite defendant's failure to file copy of notice of removal in state court); *Adair Pipeline Co. v. Pipeliners Local Union*, 325 F.2d 206 (5th Cir. 1963) (handing state judge notice of removal in open court provides notice of the removal to the state court even if the defendant has not filed notice of the removal with the state clerk of court).  Furthermore, if the removing defendants provide notice to the plaintiffs of the removal, and the plaintiffs subsequently participate in state court proceedings, the court will presume that constructive notice of the removal to the state court was accomplished because the plaintiffs have a duty to advise the state court of the removal.  *See Dukes v. S. Carolina Ins. Co.*, 770 F.2d 545, 547 (5th Cir. 1985) (presuming that the plaintiffs "properly discharged their duty to the state court and advised the court of the removal" where defendants notified plaintiffs of the removal and maintained that they sent a copy of the removal petition to the state court clerk, but the state court record did not reflect the receipt of a copy of the petition).

On July 9, 2013, the same day the Notice of Removal was filed, counsel for the Removing Defendants mailed notices of the removal to both the state clerk of court and counsel for the Plaintiff.  (R. Doc. 1-5).  The Plaintiff does not dispute that the Removing Defendants mailed these notices.  The Plaintiff does not argue that these notices were not received by her counsel or the state clerk of court prior to the filing of the Amended Petition on July 12, 2013.  Instead, the Plaintiff argues that the state court's jurisdiction did not cease prior to the filing of

---

[5] "Promptly after the filing of [the] notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded."  28 U.S.C. § 1446(d).

the Amended Petition because the notice of the removal had not been entered into the state court record prior to the filing of the Amended Petition.[6]

The record before this court supports the conclusion that the state court received actual or constructive notice of the removal prior to the filing of the post-removal Amended Petition. In the absence of evidence to the contrary, the court will presume that the Plaintiff informed the state court of the removal prior to filing the Amended Petition. *See Dukes*, 770 F.2d at 547. Also, the Plaintiff has not argued that the state clerk of court did not receive actual notice of the removal prior to the filing of the Amended Petition, only that the state clerk of court did not enter the notice into the record because of a failure to pay certain fees. The Plaintiff has offered no evidence establishing that the state clerk of court did not receive notice of the removal prior to the filing of the Amended Petition. Accordingly, the state court lost jurisdiction, and this court gained exclusive jurisdiction, prior to the Plaintiff's filing of the Amended Petition. 28 U.S.C. § 1446(d); *see also Medrano*, 580 F.2d at 804 (once the state court has notice of the removal, any further proceedings in the state court action are void).

Based on the foregoing, the court concludes that the original Petition is the operative state court pleading at the time of removal. Any attempt to amend that Petition should have been addressed to this court in accordance with the Federal Rules of Civil Procedure. The court will now determine whether Jebco is an improperly joined defendant based on the allegations in the original Petition.

### ii. Whether Jebco Was Improperly Joined

The Removing Defendants allege that Jebco was improperly joined based upon the absence of any specific factual allegations against Jebco in the original Petition. The Removing

---

[6] The Plaintiff does not provide any evidence that the notice was not entered into the state court record.

Defendants point out that the Petition alleges that the mold "was caused by a defect in the siding and/or construction of the siding." (R. Doc. 1 at 2; *see* Petition, ¶ 6). The Removing Defendants represent that Jebco "did not manufacture, construct, or install the allegedly defective siding" or "repair any alleged defects in the siding." (R. Doc. 1 at 2). Instead, according to the Removing Defendants, Jebco "installed the air conditioning system, which provided air conditioning to the manufactured home at issue, and replaced a thermostat." (R. Doc. 1 at 3). Because Jebco installed the air conditioning system (which the Plaintiff's Petition does not assert as a cause of the mold) and not the siding, the Removing Defendants argue that the Plaintiff cannot recover from Jebco based on the allegations in the Petition and Jebco was, therefore, improperly joined as a defendant.

In her motion to remand, the Plaintiff argues that the allegations in the post-removal Amended Petition justify a conclusion that Jebco was not improperly joined. (R. Doc. 2-1 at 2). Paragraph 6 of the Amended Petition and the original Petition are identical and contain allegations regarding the discovery and cause of the alleged mold:

> Plaintiff had structural defects to her mobile home and she complained to the seller who then had workers to (sic) go to her residence on May 4, 2012 to perform repairs. They removed the siding and discovered mold. They sprayed bleach on the mold and covered it back up. Merely spraying bleach on mold is not an appropriate mold remediation. The mold was caused by the defect in the siding and/or construction of the siding.

(Petition, ¶ 6; Amended Petition, ¶ 6) The Amended Petition added Paragraph 4(a), which was not alleged in the original Petition:

> Upon information and belief, Defendant JEBCO installed the air conditioning unit in Plaintiff's mobile home and that (sic) the faulty and or negligent workmanship caused water seepage and/or condensation that caused leaking that caused mold build up which contributed to Plaintiff's damages and injuries.

(Amended Petition, ¶ 4(a)). Based on the foregoing allegation, the Plaintiff argues there is "more than a mere possibility that faulty air conditioning installation caused leaking behind the siding

8

in plaintiff's trailer and condensation and moisture build up that caused and/or enhanced mold build up." (R. Doc. 2-1 at 3).

The problem with the Plaintiff's position is that it is grounded upon allegations not found in the operative pleading—the original Petition. As the Plaintiff has not moved this court to amend the Petition to assert the allegations found in Paragraph 4(a) of the post-removal Amended Petition, and the court has not granted such motion, the court will look to the factual allegations asserted in the original Petition. Based on these allegations, the court must determine whether Jebco was improperly joined because the original Petition failed to state a claim against Jebco. *See Smallwood*, 385 F.3d at 573 ("Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder."). In making that determination, the court may "pierce the pleadings and conduct a summary inquiry" where the plaintiff has omitted or misstated "discrete facts that would determine the propriety of joinder." *See id*.

The original Petition does not contain sufficient factual allegations against Jebco to survive a motion to dismiss for failure to state a claim. The Petition names Jebco as a defendant and states that it is "a corporation authorized to do business in the State of Louisiana." (Petition, ¶ 1.D.). That is the only specific factual allegation made against Jebco. The factual allegations in the Petition regarding the discovery and cause of the alleged mold assert that the "seller" of the mobile home discovered the mold while repairing "structural defects" and the mold was "caused by the defect in the siding and/or construction of the siding" of the mobile home. (Petition, ¶ 6). The Petition alleges that Clayton Homes sold the mobile home to the Plaintiff and CMH Manufacturing manufactured the mobile home. (Petition, ¶ 4). Through the affidavit of James E. Black, the president and director of Jebco, the Defendants have established that

9

Jebco was responsible solely for the installation of the mobile home's air conditioning system. (R. Doc. 4-1, "Black Affidavit"). The Plaintiff has not submitted any evidence to the contrary.

The court will "pierce the pleadings" to the limited extent needed to supply a key omitted fact in the original Petition—that Jebco's work was limited to "the installation and service of the air conditioning unit on the home." (R. Doc. 4-1). The Petition does not make any allegation that the mobile home's air conditioning system in any way caused the alleged mold. In the absence of any such allegation, the court must conclude that the Petition fails to state a claim against Jebco. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."); *Parent v. Murphy Exploration & Prod. Co. - USA*, No. 07-cv-446-C, 2008 WL 191636 (M.D. La. Jan. 22, 2008) (citing *Twombly* in the context of determining whether allegations would survive Rule 12(b)(6) for the purpose of determining whether the defendant was improperly joined); *see also Cavallini v. State Farm Mut. Auto. Ins. Co.*, 44 F.3d 256, 260-61 (5th Cir. 1995) (concluding that where the only specific allegation against a defendant was its status as a defendant, the defendant was improperly joined because it was entitled to dismissal for failure to state a claim, but further concluding that even if the plaintiff stated a claim, the defendant was nevertheless improperly joined because the plaintiff did not have a reasonable possibility of recovery).

In light of the evidence supplied by the Defendants that Jebco was responsible solely for installing the air conditioning unit and was not responsible for the construction, installation, or sale of the allegedly defective siding, the court concludes that the original Petition, as it stands,

would not survive a motion to dismiss brought by Jebco. The court need not decide whether the inclusion of Paragraph 4(a) of the Amended Petition into the original Petition would require a different conclusion.[7]

### b. Consent to Removal

Under 28 U.S.C. § 1446(b)(1), the removal of a case is timely if it is filed "within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . .". In cases with multiple defendants, the Fifth Circuit Court of Appeals traditionally followed the first-served defendant rule, under which all of the defendants needed to join in the removal within thirty days of the date that the first defendant was served. *Getty Oil Corp. v. Ins. Co. of North America*, 841 F.2d 1254, 1262-63 (5th Cir. 1988). But, pursuant to a 2011 statutory amendment adopting the last-served rule, § 1446(b) now states that each defendant has "30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal."[8]

Congress also codified the "rule of unanimity" in revising § 1446. *See*, *e.g.*, *Penson Fin. Servs., Inc. v. Golden Summit Investors Grp., Ltd.*, No. 12–300, 2012 WL 2680667, at *5 (N.D. Tex. July 5, 2012). Section 1446(b)(2)(A) states that "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action to federal court." If consent of all served defendants is not timely obtained, the removal is procedurally defective. *Doe v. Kerwood*, 969 F.2d 165, 167-69

---

[7] The Defendants address two issues not before the court: (1) whether the court should allow the Plaintiff to amend her complaint to include the allegations in Paragraph 4(a) of the Amended Petition and (2) whether the allegations in Paragraph 4(a) of the Amended Petition are sufficient to asser a claim against Jebco. (R. Doc. 4 at 2-4). The court need not address these issues because there is no motion to amend before the court.

[8] The Federal Courts Jurisdiction and Venue Clarification Act took effect on January 6, 2012.

11

(5th Cir. 1992). As acknowledged in Section 1446(b)(2)(A), however, the rule of unanimity applies only to "properly joined" defendants. *See also Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) ("In cases involving alleged improper or fraudulent joinder of parties . . . application of [the consent] requirement to improperly or fraudulently joined parties would be nonsensical, as removal in those cases is based on the contention that no other proper defendant exists.").

The Plaintiff argues that the action should be remanded under Section 1446(b)(2)(A) because "not all defendants are in agreement with the removal of this action." (R. Doc. 2-1 at 3). Three of the four non-fictitious defendants named in the Petition are the Removing Defendants (Clayton Homes, Inc., Clayton Homes of Gonzales, CMH Manufacturing, Inc). All three of the Removing Defendants have joined in the removal.

The fourth non-fictitious defendant named in the Petition is Jebco. As discussed above, the action was removed on the express ground that Jebco was improperly joined as a defendant. Accordingly, there was no requirement for Jebco to join or consent to the removal. 28 U.S.C. § 1446(b)(2)(A); *Jernigan*, 989 F.2d at 815.

    **c.  Amount in Controversy**

When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different states" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). "[T]he sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. §1446(c)(2). If, however, the "State practice . . . does not permit demand for a specific sum . . . [removal] is proper if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(A)(ii)-(B).

The burden of proof is on the removing defendant to establish that the amount in controversy has been satisfied. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). The defendant may make this showing by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) by setting forth facts in controversy that support a finding of the jurisdictional minimum. *Id.* If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

Neither party disputes that the amount in controversy has been satisfied. The Removing Defendants state in their Notice of Removal that the "action is one of a civil nature for bodily injury, property damages, and attorneys fees which, on information and belief, and based on Plaintiff's Petition for Damages, exceeds the sum of $75,000.00, exclusive of interest and costs." (R. Doc. 1 at 2).[9] The Plaintiff raises no argument to the contrary.

The court has a duty to address all aspects of its jurisdiction, whether raised by the parties or not. *See Howery v. Allstate Ins., Co.,* 243 F.3d 912, 919 (5th Cir. 2001) ("It is true that subject-matter jurisdiction cannot be created by waiver or consent. It is equally true that federal courts must address jurisdictional questions whenever they are raised and must consider jurisdiction *sua sponte* if not raised by the parties."). After reviewing the Petition and other documents in the record, the court concludes that additional briefing from the parties on the issue of the amount in controversy would be beneficial for determining the court's jurisdiction. If the district court adopts this Report and Recommendation, and denies remand based upon the

---

[9] Property damages are not listed as part of the "resulting damages" to Plaintiff in the Petition. (Petition, ¶ 9).

13

briefing before the court, the undersigned will subsequently set a scheduling order for additional briefing on the issue of the amount in controversy.

## **RECOMMENDATION**

For the foregoing reasons, it is the recommendation of the magistrate judge that the plaintiffs' Motion to Remand (R. Doc. 2) be **DENIED**.

Signed in Baton Rouge, Louisiana, on January 13, 2014.

　

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**